UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

CHRISTINE DANIELO, *as Proposed Administrator of the Estate of Christina Danielo*,

                                  Plaintiff,

-against-

OUR LADY OF CONSOLATION GERIATRIC CARE CENTER,

                                  Defendant.

------------------------------------------------------------------------X

For Online Publication Only

**ORDER**
22-CV-07856 (JMA) (ARL)

FILED
CLERK
3:25 pm, Jan 30, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

On January 13, 2023, the Court ordered the parties to show cause why this case should not be remanded to the Supreme Court of New York, Suffolk County, for lack of subject matter jurisdiction. (See Electronic Order to Show Cause dated Jan. 13, 2023.) Currently before the Court are the parties' responses to the Order to Show Cause. Plaintiff contends that the case should be remanded, (ECF No. 10), while Defendant argues that removal was proper (ECF No. 9).[1]

Specifically, Defendant argues that this Court may properly exercise subject matter jurisdiction because: (1) Plaintiff's claims "arise under" federal law, as they are completely preempted by the Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C. §§ 247d-6d, 247d-6e; (2) the Complaint raises "important federal questions" that warrant adjudication in federal court, per Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308 (2005); and (3) this Court has jurisdiction under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). (Id. at 2–5.)

---

[1] Defendant also asks the Court to stay this case pending the resolution of several similar cases currently on appeal before the Second Circuit. (ECF No. 9 at 1.) Defendant's request is denied. See In re: Nursing Facility COVID-Related Damages Actions Removed Under the PREP Act, No. 22-CV-7528, 2023 WL 394888, at *2–3 (E.D.N.Y. Jan. 24, 2023) (denying removing defendants' requests to stay pending resolution of PREP Act appeals).

This Court has already considered, and rejected, the precise arguments in favor of removal that Defendant relies on here. See Escobar v. Mercy Med. Ctr., No. 21-CV-02101, 2022 WL 669366, at *1–3 (E.D.N.Y. Mar. 7, 2022) (rejecting complete preemption, Grable, and federal officer removal theories), appeal filed, No. 22-613. Indeed, the "overwhelming consensus among district courts that have considered the issues presented by the instant motion to remand is that removal is improper and remand of the case back to state court is required." Aponte v. Our Lady of Consolation Nursing & Rehab. Care Ctr., No. 22-CV-18, 2022 WL 17851799, at *4 (E.D.N.Y. Dec. 22, 2022) (rejecting complete preemption, Grable, and federal officer removal theories); see also In re: Nursing Facility COVID-Related Damages Actions Removed Under the PREP Act, No. 22-CV-7528, 2023 WL 394888, at *2–4, n.2 (E.D.N.Y. Jan. 24, 2023) (same) (collecting cases). Likewise, every Circuit court to have considered these arguments has reached the same conclusion. See Martin v. Petersen Health Operations, LLC, 37 F.4th 1210 (7th Cir. 2022) (rejecting complete preemption, Grable, and federal officer removal theories); Mitchell v. Advanced HCS, L.L.C., 28 F.4th 580 (5th Cir. 2022) (same); Saldana v. Glenhaven Healthcare LLC, 27 F.4th 679 (9th Cir. 2022) (same); Maglioli v. Alliance HC Holdings LLC, 16 F.4th 393 (3d Cir. 2021) (same).

The Court sees no reason to depart from this clear consensus. Accordingly, the Court adopts the reasoning of the above-cited cases and rejects Defendant's arguments that there is federal jurisdiction in this case under the PREP Act, the Grable doctrine, or the federal officer removal statute. Defendant has failed to establish that the Court has subject matter jurisdiction over this action and that removal was proper. See Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d 321, 327 (2d Cir. 2011) ("A party seeking removal bears the burden of showing that federal jurisdiction is proper.") (citation omitted). Therefore, the Clerk of Court is respectfully directed to remand this case to the Supreme Court of New York, Suffolk County.

**SO ORDERED.**

Dated: January 30, 2023
Central Islip, New York

                                                     /s/ (JMA)
                                         JOAN M. AZRACK
                                         UNITED STATES DISTRICT JUDGE